TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00492-CR






Derrick Canada, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0981090, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING







 Pursuant to a plea bargain agreement, appellant plead guilty to the offense of
possessing with intent to deliver, a controlled substance, cocaine, in an amount of four grams or
more but less than two hundred grams. See Tex. Health & Safety Code Ann. § 481.112 (West
Supp. 1999). The trial court assessed punishment at confinement for two years. Appellant asserts
three points of error, contending that the trial court erred in overruling appellant's motion to
suppress because: (1) appellant was illegally seized in violation of the Fourth and Fourteenth
Amendments to the United States Constitution; (2) appellant was illegally seized in violation of
Article I, section 9 of the Texas Constitution; and (3) error occurred even if appellant abandoned
the contraband. We will overrule appellant's points of error and affirm the judgment of the trial
court.

 On September 11, 1997, Austin police officer Dustin Lee was driving in a westerly
direction on Oltorf Street looking for a felony suspect reported to be in that area. Upon seeing
appellant and two other people turn into a residential street, Lee turned the patrol car to approach
the men. As the patrol vehicle came in closer proximity to the men, Lee observed the tallest man,
later identified as appellant, pull a green and white cigarette package out of his left pocket. "Then
his hand went in front of him, . . . obstructing my view." Lee stopped the patrol vehicle,
approached the men, and asked for their IDs. The suspects granted Lee's request to frisk them
for weapons. Lee conducted a "limited frisk of their outer clothing." Neither weapons nor a
cigarette package was recovered. By this time an officer with a picture of the felony suspect was
on the scene and informed Lee that none of the men was the felony suspect. The three men were
told they were free to go.

 Approximately two minutes after the three men left the scene, Lee returned to find
a cigarette package where appellant had been standing that contained thirty-eight rocks of cocaine. 
In oral argument before this Court, appellant urged that the officer obtained information that was
incriminating to appellant as the result of an illegal detention and frisk. Appellant identified that
information as the failure of the officer to find a cigarette package on appellant. In cases involving
voluntary abandonment of contraband, the pivotal issue is whether the accused's decision to
abandon the evidence was the direct result of police misconduct. See Hawkins v. State, 788
S.W.2d 255, 260 (Tex. Crim. App. 1988).

 This Court's opinion in Armstrong v. State, 966 S.W.2d 150 (Tex. App.--Austin,
1998, no pet.), is helpful in our consideration of the instant cause. In Armstrong, the officer who
approached the defendant did not have probable cause to arrest him or reasonable suspicion
warranting an investigation. Id. at 152. When the officer approached the defendant, the defendant
had something in his hand that he immediately threw down and stepped on. The officer ordered
the defendant to remove his foot, revealing a paper towel. The officer found cocaine inside the
paper towel. This Court concluded that when the officer was merely approaching the defendant,
the defendant relinquished his possession and privacy interest in the contraband by throwing it to
the ground. Id. at 153. Armstrong held that the defendant's decision to throw the cocaine to the
ground was not due to police misconduct, and that his constitutional and statutory protections
against unlawful search and seizure were not violated. Id.

 In the instant cause, appellant abandoned the contraband prior to the officer asking
for identification and conducting a frisk for weapons. We hold that appellant's act of discarding
the cocaine was not due to any police misconduct. No violation of appellant's rights under either
the United States Constitution or the Texas Constitution is shown. Appellant's points of error are
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Patterson and Davis*

Affirmed

Filed: April 15, 1999

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



nd Fourteenth
Amendments to the United States Constitution; (2) appellant was illegally seized in violation of
Article I, section 9 of the Texas Constitution; and (3) error occurred even if appellant abandoned
the contraband. We will overrule appellant's points of error and affirm the judgment of the trial
court.

 On September 11, 1997, Austin police officer Dustin Lee was driving in a westerly
direction on Oltorf Street looking for a felony suspect reported to be in that area. Upon seeing
appellant and two other people turn into a residential street, Lee turned the patrol car to approach
the men. As the patrol vehicle came in closer proximity to the men, Lee observed the tallest man,
later identified as appellant, pull a green and white cigarette package out of his left pocket. "Then
his hand went in front of him, . . . obstructing my view." Lee stopped the patrol vehicle,
approached the men, and asked for their IDs. The suspects granted Lee's request to frisk them
for weapons. Lee conducted a "limited frisk of their outer clothing." Neither weapons nor a
cigarette package was recovered. By this time an officer with a picture of the felony suspect was
on the scene and informed Lee that none of the men was the felony suspect. The three men were
told they were free to go.

 Approximately two minutes after the three men left the scene, Lee returned to find
a cigarette package where appellant had been standing that contained thirty-eight rocks of cocaine. 
In oral argument before this Court, appellant urged that the officer obtained information that was
incriminating to appellant as the result of an illegal detention and frisk. Appellant identified that
information as the failure of the officer to find a cigarette package on appellant. In cases involving
voluntary abandonment of contraband, the pivotal issue is whether the accused's decision to
abandon the evidence was the direct result of police misconduct. See Hawkins v. State, 788
S.W.2d 255, 260 (Tex. Crim. App. 1988).

 This Court's opinion in Armstrong v. State, 966 S.W.2d 150 (Tex. App.--Austin,
1998, no pet.), is helpful in our consideration of the instant cause. In Armstrong, the officer who
approached the defendant did not have probable cause to arrest him or reasonable suspicion
warranting an investigation. Id. at 152. When the officer approached the defendant, the defendant
had something in his hand that he immediately threw down and stepped on. The officer ordered
the defendant to remove his foot, revealing a paper towel. The officer found cocaine inside the
paper towel. This Court concluded that when the officer was merely approaching the defendant,
the defendant relinquished his possession and privacy interest in the contraband by throwing it to
the ground. Id. at 153. Armstrong